### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JAMELL C. NEWBERN,**
**No. 05169-025,**

**Petitioner,**

  **vs.**        **Case No. 14-cv-803-DRH**

**UNITED STATES of AMERICA,**

**Respondent.**

### MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner Jamell C. Newbern, currently incarcerated in the FCI-Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his sentence.  He is serving a 300-month sentence imposed by the undersigned Judge on December 7, 2005, following his guilty plea to possession with intent to distribute a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1).  *United States v. Newbern*, Case No. 05-cr-30071-DRH (S.D. Ill.).  In the instant petition, Newbern argues (again) that he should be resentenced because he no longer should be considered a career offender under current law.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241.    After carefully reviewing the petition, the Court concludes that this action is subject to dismissal.

## I.    Background

Prior to being charged with the instant drug offense, petitioner had been convicted in state court of reckless discharge of a firearm.   This Court in 2005 classified that conviction as a "crime of violence" which, along with a prior conviction for aggravated battery, meant that petitioner should be sentenced as a "career offender" under U.S.S.G. § 4B1.1.   Petitioner's advisory guideline range was 262-327 months, based on a total offense level of 34 and a criminal history category of VI.

At sentencing, and again on appeal, petitioner argued that the prior conviction for reckless discharge of a firearm should not have been considered a crime of violence, and he should not have been labeled as a career offender for sentencing purposes.   On March 13, 2007, the Court of Appeals for the Seventh Circuit rejected that argument and affirmed petitioner's sentence.   *United States v. Newbern*, 479 F.3d 506 (7th Cir. 2007).

On January 27, 2010, petitioner filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.   *Newbern v. United States*, Case No. 10-cv-64-DRH.   He again challenged the classification of the reckless

discharge of a firearm conviction as a crime of violence, based on the April 16, 2008, decision in *Begay v. United States*, 553 U.S. 137 (2008), and *Chambers v. United States*, 555 U.S. 122 (2009).  After considering the government's response and additional arguments from both parties, the Court determined that the § 2255 motion was untimely, and dismissed it with prejudice on December 26, 2012 (Doc. 16 in Case No. 10-cv-64).  Although the reckless-discharge conviction was indeed no longer a crime of violence in light of *Begay* and *Chambers*, petitioner had filed his § 2255 motion well outside the one-year time limit that began when the Supreme Court issued the *Begay* opinion.  Further, his claim that nobody advised him that the *Begay* case may have changed the law in his favor did not entitle him to equitable tolling of the deadline.

Finally, the Court noted that petitioner's 300-month (25-year) sentence was well within the statutory term of imprisonment of 20 years to life.[1]  21 U.S.C. §§ 841(b)(1)(A), 851.  The Court confirmed that given petitioner's criminal history, even if his § 2255 motion had resulted in a remand for resentencing without the career offender provision, the Court would impose the same 300-month sentence on remand.  Both this Court and the Seventh Circuit denied petitioner's application for a certificate of appealability.

## II.   **The Petition**

In the instant petition, Newbern once again argues that his sentence was imposed in violation of *Begay v. United States*, 533 U.S. 137 (2009), because he

---

[1] Petitioner had a prior state conviction for felony drug possession, which triggered the higher statutory minimum and maximum under § 841(b)(1).  *United States v. Newbern*, 479 F.3d 506, 507 (7th Cir. 2007).

was improperly designated as a career criminal based on the reckless discharge of a firearm conviction.  He relies on a recent Supreme Court decision, *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), which had not been issued at the time he appealed or brought his motion under § 2255.  *McQuiggin* held that proof of a habeas petitioner's actual innocence could allow him to overcome the bar of an expired statute of limitations under 28 U.S.C. § 2244(d)(1).  The Court clarified that "a federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown." *McQuiggin*, 133 S. Ct. at 1928.  At the same time, the Court noted that "tenable actual-innocence gateway pleas are rare[.]"  *Id.* (citing *Schlup v. Delo*, 513 U.S. 298 (1995)).

Petitioner argues that *McQuiggin* should be applied retroactively, and in effect removes the statutory time bar for an actual innocence claim (Doc. 1, p. 10, 17-19).  Therefore, his claim that he is "actually innocent" of being a career criminal under the sentencing guidelines should be cognizable in this proceeding.

### III.   Discussion

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief.  Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement."  *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir.

2000)).  *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998).  Because petitioner herein is attacking the validity of his sentence, a § 2255 motion is the proper avenue for relief.

Under very limited circumstances, a prisoner may employ § 2241 to challenge his federal conviction or sentence.  28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002)).  *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002).  The fact that petitioner may be barred from bringing a second/successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy.  *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion).  Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.  "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."  *Davenport*, 147 F.3d at

611.

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions.  First, he must show that he relies on a new statutory interpretation case rather than a constitutional case.  Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* that case must apply retroactively.  Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

Petitioner's reliance on *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), does not bring his claim within the savings clause.  *McQuiggin* did not change the law in such a way that rendered petitioner "actually innocent" of being a career criminal under the guidelines – that change in statutory interpretation was announced by the Supreme Court in *Begay v. United States*, 553 U.S. 137 (2008).  Petitioner seeks to use the holding in *McQuiggin* to get a second chance at raising the *Begay* argument that he brought in his untimely § 2255 motion, by arguing that his "actual innocence" claim should not have been barred by the one-year time limit.   But this Court already considered the issue of tardiness addressed later in *McQuiggin*, when it examined whether petitioner's delay in bringing his *Begay* claim should entitle him to equitable tolling of the one-year limit.   The *McQuiggin* Court noted that "unjustified delay" in bringing an actual

innocence claim is a legitimate factor in determining whether an actual innocence claim should be allowed to proceed after the limitations period has run. *McQuiggin*, 133 S. Ct. at 1928.    Ultimately, the record in *McQuiggin* demonstrated that the habeas petitioner there had "failed to diligently pursue his rights," and he thus was not entitled to bring his claim. *Id*. Petitioner Newbern similarly did not show diligence or any circumstances that would justify tolling of the time limit for bringing his *Begay* claim within § 2255.

Under any analysis, it cannot be said that the § 2255 procedure is structurally inadequate or ineffective to allow petitioner to bring his claim. Clearly, his *Begay* argument could have been considered in his § 2255 motion if he had brought it within one year of the date of the *Begay* opinion.   Thus, he fails to satisfy the second condition to invoke the savings clause – that he is relying on a decision and legal theory that he could not have invoked in his first § 2255 motion.

Finally, petitioner's argument that his case is distinguishable from the Seventh Circuit's decision in *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *opinion supplemented on denial of reh'g*, 724 F.3d 915 (7th Cir. 2013), is unavailing. Hawkins had originally been sentenced as a career offender at a time when the sentencing guidelines were mandatory.    After the Supreme Court declared in *United States v. Booker*, 543 U.S. 220 (2005), that the guidelines were advisory only, his case was remanded for resentencing.   On remand, the trial judge imposed the same 151-month sentence as he had before.   Three years later,

the Supreme Court's decision in *Chambers v. United States*, 555 U.S. 122 (2009), established that Hawkins' predicate escape crimes no longer qualified as "violent felonies," meaning that he should not have been sentenced as a career offender. *Hawkins*, 706 F.3d at 822. Hawkins filed a timely § 2255 motion, but the Seventh Circuit concluded that he was not entitled to relief. Hawkins had been resentenced to a term below the statutory maximum sentence for his offense, and at the time of resentencing, the trial court was well aware that the sentencing guidelines (which included the career-offender enhancement) were advisory only. Further, upon post-conviction review, the trial judge confirmed that he had appropriately considered Hawkins' long criminal history, and that the sentence was reasonable "even without application of the § 4B1.1 career offender enhancement." *Hawkins*, 706 F.3d at 823.

Petitioner's case, aside from the fact that his § 2255 petition was untimely, presents nearly identical issues as the appellate court considered in *Hawkins*. His 300-month sentence was clearly within the statutory guideline range of 20 years to life, and was at the lower end of that wide range. Any error would be found only in the calculation of the *advisory* guideline which incorporated the career criminal enhancement. As the Seventh Circuit observed, "[a]n error in the interpretation of a merely advisory guideline is less serious [than a sentence that exceeds the statutory maximum]. Given the interest in finality, it is not a proper basis for voiding a punishment lawful when imposed." *Hawkins*, 706 F.3d at 824. As noted above, the undersigned Judge emphasized in petitioner's § 2255

proceeding that even if he were required to resentence petitioner without reference to the career offender enhancement, he would impose the same 300-month sentence because of petitioner's criminal history (Doc. 16, p. 15, Case No. 10-cv-64-DRH). The sentence was lawful, just, and reasonable under the circumstances of this case, and it was within the discretion of the Court to impose this term. The record in this case does not demonstrate any "fundamental defect" in the sentence that could be deemed a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

The petition does not present any basis to bring this case within the savings clause of § 2255(e), and shall be dismissed.

## IV.   Disposition

To summarize, petitioner has not demonstrated that § 2255 is an inadequate remedy for his current claims, and consistent with *In re Davenport*, petitioner cannot raise these claims through a § 2241 petition. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, the petition is summarily **DISMISSED** with prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined

based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.   *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).   A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[2]   It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition.   *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 1st day of August, 2014.

David R. Herndon
2014.08.01
15:09:19 -05'00'

**Chief Judge**
**United States District Court**

---

[2] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.   FED. R. CIV. P. 59(e).